UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

UNITED STATES OF AMERICA

Plaintiff,

v.                                                                                    Case No. 2:13-cv-93-FtM-99SPC

HAZEL RUTH ANDERSON AND
JAY C. ANDERSON

Defendants.

# CASE MANAGEMENT REPORT[1]

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)** <br>[Court recommends 30 days after CMR meeting] | May 21, 2013 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** <br>[each party who has not previously filed must file immediately] | Done |
| **Motions to Add Parties or to Amend Pleadings** <br>[Court recommends 1 - 2 months after CMR meeting] | June 21, 2013 |
| **Disclosure of Expert Reports**          Plaintiff: <br>                                                               Defendant: <br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | December 6, 2013 |

---

[1] The Case Management Report has been amended to conform with amendments and proposed amendments to the Federal Rules of Civil Procedure and/or Local Rules.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | January 17, 2014 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | March 21, 2014 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[14 days before Joint Final Pretrial Statement] | June 9, 2014 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference but no later than 7 days before the Final Pretrial Conference] | June 23, 2014 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | June 16, 2014 |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | July 7, 2014 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | July 28, 2014 |
| **Estimated Length of Trial** [trial days] | 3 days |
| **Jury / Non-Jury** | Non-jury |

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| **Mediation**            Deadline:<br>Mediator:<br>Address:<br><br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | | 2/21/2014<br><br>TBD |
| **All Parties Consent to Proceed Before Magistrate Judge** | | Yes____      No <u>XX</u><br><br>Likely to Agree in Future _____ |

I. Meeting of Parties in Person

Lead counsel met by telephone (motion to appear by telephone still pending). Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A) a meeting was held on:

**April 18, 2013** _____ (date) at **4pm** _____ (time) at **by telephone** _____ (place) and was attended by:

<u>Name</u>                                        <u>Counsel for (if applicable)</u>

**<u>Mara A. Strier</u>**                              **<u>United States of America</u>**

**<u>Darren Farfante</u>**                           **<u>Hazel Ruth Anderson and Jay Anderson</u>**

II. Preliminary Pretrial Conference

Local Rule 3.05(c)(30(B) provides that preliminary pretrial conferences are mandatory in Track Three cases.

Track Two cases: Parties (check one) [_X_] request      [___]do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this

Track Two case. Unresolved issues to be addressed at such a conference include:

**Pending motion to dismiss filed by defendants.**

III.　Pre-Discovery Initial Disclosures of Core Information

Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersedes Middle district of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged __X__ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(C) - (D) by **May 21, 2013**

IV.　Agreed Discovery Plan for Plaintiffs and Defendants

A.　Certificate of Interested Persons and Corporate Disclosure Statement —

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

_____ No　　　　Amended Certificate will be filed by _____ (party)
　　　　　　　　　on or before _____ (date).

B. Discovery Not Filed —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (e). The parties further agree as follows: **None**.

C. Limits on Discovery —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ .P. 30(a)(2)(A); Fed .R. Civ. P. 31(a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R .Civ. P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ .P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows: **None**.

1. Depositions

2. Interrogatories

3. Document Requests

4. Requests to Admit

5. Supplementation of Discovery

D. Discovery Deadline —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: **None**.

E. Disclosure of Expert Testimony —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: **None.**

F.  Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. (See Local Rule 1.09). The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: **None**.

G.  Electronically Stored Information and Claims of Privilege —

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: **None**.

H.  Other Matters Regarding Discovery — **None**.

V.  Settlement and Alternative Dispute Resolution.

A.  Settlement —

The parties agree that settlement is

_X_____ likely _____ unlikely        (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes    _X_____    no        likely to request in future

B. Arbitration —

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)?

\_\_\_\_\_ yes    \_\_X\_\_ no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

\_\_\_\_\_ yes    \_\_X\_\_ no    \_\_\_\_\_ likely to agree in future

_____ Binding    _____ Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

\_\_\_\_\_ yes    \_\_X\_\_ no    \_\_\_\_\_ likely to agree in future

C. Mediation —

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D. Other Alternative Dispute Resolution —

The parties intend to pursue the following other methods of alternative dispute resolution: **The parties will continually work with each other in an effort to resolve this matter as expeditiously as possible.**

Date: 4/25/13

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

_____

Darren D. Farfante
FOWLER WHITE BOGGS P.A.
P.O. BOX 1438
Tampa, FL 33601
Tel No.: (813) 228-7411
Fax No.: (813) 229-8313
Email: dfarfante@fowlerwhite.com
Trial Counsel for Defendants

Date: 4/25/2013

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

        KATHRYN KENEALLY
        Assistant Attorney General

        By:*/s/ Mara A. Strier*
        MARA A. STRIER
        Florida Bar No. 644234
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 14198
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone:(202) 514-5886
        Fax: (202) 514-9868
        mara.a.strier@usdoj.gov

        Of Counsel:

        Robert E. O'Neill
        United States Attorney