UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                 Case No: 2:13-cv-93-FtM-38UAM

HAZEL RUTH ANDERSON; and
JAY C. ANDERSON,

    Defendants.
_____/

### ORDER[1]

This matter is before the Court on Defendants Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law in Support (Dkt. #11) filed on April 15, 2013, and Plaintiff's Response (Dkt. #18), filed on May 1, 2013. For the reasons set forth below, Defendants' Motion to Dismiss is denied.

### BACKGROUND

This is a civil action to collect federal income taxes assessed against the Estate of Joseph A. Anderson ("Estate") from Defendants, the Estate's personal representatives and beneficiaries. On May 24, 2011, the Government filed suit in the United States District Court, District of North Dakota to reduce to judgment the Estate's tax liabilities totaling $1,173,036.79. On May 14, 2012, the court entered judgment

---

[1]Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

against the Estate in that amount. In an attempt to collect on the Estate's tax liabilities, the United States initiated the instant action against Defendants.

## LEGAL STANDARDS

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Ala., 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted). Furthermore, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they

2

plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

## DISCUSSION

The Government seeks to recover the Estate assets from Defendants under two theories: (1) Count I - fiduciary liability under 31 U.S.C. § 3713(b) for the unpaid tax liabilities of the Estate; (2) Count II – transferee liability pursuant to the Uniform Fraudulent Transfer Act. Defendants argue that both Counts are time barred by the ten year statute of limitations found in 26 U.S.C. § 6502(a). The Government responds that the limitations period of 26 U.S.C. § 6502(a) was extended by the May 24, 2011 collection proceeding against the Estate. The Government is correct.

Section 6502(a)(1) of the operative statute in this dispute provides that when a tax has been timely assessed, "such tax may be collected by levy or by a proceeding in court, but only if ... begun—(1) within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). Here, the parties agree that the Government had until September 2, 2011, to initiate collection proceedings on the outstanding tax liability. The Government did so in the United States District Court, District of North Dakota on May 24, 2011.

Defendants argue that even though the Government filed a timely complaint against the Estate, it neglected to do so against the Defendants within the ten-year limitations period. However, as the Government notes, in 1988, 26 U.S.C. § 6502(a) was amended to provide that:

> If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

In other words, once the Government filed suit on May 24, 2011, the ten-year statute of limitations period was and continues to be extended until the Estate's tax liability or the judgment arising from the liability is satisfied or becomes unenforceable.  It is of no import that the Government did not initially file suit against Defendants, the Estate's personal representatives.  As courts have consistently held, so long as the Government brings a timely action to collect on a tax liability, its subsequent efforts to enforce the liability or judgment against a third party will be considered timely.  See United States v. Overman, 424 F.2d 1142, 1147 (9th Cir. 1970) (holding that once the IRS sued to recover against the taxpayer, the Government could enforce the judgment against the taxpayer, his wife, and other third parties "at any time"); Hall v. United States, 403 F.2d 344, 346-47 (5th Cir. 1968), cert. denied, 394 U.S. 958 (1969) (holding that Section 6502's limitations period is inapplicable to a  suit against a third party in aid of collecting a prior judgment obtained against a taxpayer); United States v. Worldwide Labor Support of Illinois, Inc., No. 1:10CV70-LG-RHW, 2011 WL 148196 (S.D. Miss. Jan. 18, 2011) (holding that Section 6502's "limitations period is inapplicable to a suit against a third party in aid of collecting a judgment obtained against a taxpayer").

To support their argument to the contrary, Defendants cite to several cases that are distinguishable on two grounds.  First, most of Defendants' cases were decided before the 1988 amendments to 26 U.S.C. § 6502(a).  Notably, the previous version of Section 6502(a) provided that the period for collecting on a tax liability "shall not be extended or curtailed by reason of a judgment against a taxpayer."  Federal Tax Lien Act, Pub. L. 89-719, § 113(b), 80 Stat. 1146 (1966).  In contrast, the revised statute makes clear that once a collection proceeding is initiated, the limitations period is

indefinitely extended until the tax liability judgment is satisfied or becomes unenforceable. Second, in those decisions rendered after 1988, there were no timely suits brought against the taxpayer-transferor of the original assets. As the Fifth Circuit has explained, Section 6502's limitations period does not apply to the case at hand, where the Government sued Defendants as third parties in aid of collecting a timely judgment obtained against the original taxpayer/transferor – the Estate. See Hall, 403 F.2d at 346-47 (concluding that Section 6502's limitations period does not apply to suits brought against a third party transferee, as part of an ancillary effort to collect a judgment for taxes due against a transferor). In contrast, in Defendants' cases, initial collection proceedings were brought against the transferees of assets and were therefore, subject to 6502's limitations period. See United States v. Updike, 281 U.S. 489 (1930) (applying Section 6502 to a suit brought against the stockholders of a dissolved corporation to recover taxes due by the corporation and where there was no initial suit brought against the corporation); United States v. Carney, 796 F. Supp. 700, 701-03 (applying Section 6502 where collection proceedings were initially brought against the transferee, Thomas Carney, as a responsible party of Carney Electric Construction Corporation, which owed taxes to the IRS).

Here, the United States filed suit and obtained a timely judgment against the Estate. Its subsequent efforts to collect on that judgment from Defendants are ancillary and not subject to Section 6502's limitations period.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law in Support (Dkt. 11) **is DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record